**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SAMUEL HERRERA-DIAZ,
     Appellant,

   v.

OFFICE OF PERSONNEL
  MANAGEMENT,
     Agency.

DOCKET NUMBER
NY-0831-14-0211-I-1

DATE: August 5, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Samuel Herrera-Diaz, Rio Grande, Puerto Rico, pro se.

Karla W. Yeakle, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed as untimely filed his appeal of the Office of Personnel Management's (OPM's) July 14, 2006 reconsideration decision. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

**BACKGROUND**

¶2        In a July 14, 2006 reconsideration decision, OPM affirmed its initial decision honoring the claim of the appellant's former spouse for a court awarded portion of his civil service retirement benefits. Initial Appeal File (IAF), Tab 5, Subtab 2. The decision advised the appellant that he had the right to appeal the decision to the Board within 30 calendar days after the date of the decision or 30 days after receipt of the decision, whichever was later. *Id.* at 4.

¶3        On March 7, 2014, through the Board's e-Appeal system, the appellant filed an appeal challenging OPM's July 14, 2006 reconsideration decision on the grounds that OPM had incorrectly interpreted the divorce decree. IAF, Tab 1. On April 3, 2014, the administrative judge issued an order to show cause regarding timeliness, noting that it appeared that the appellant's appeal was untimely filed. *Id*., Tab 4. The timeliness order explained that the time limit for filing an appeal may be waived upon a showing of good cause if the appellant could show that he acted reasonably and with due diligence under the

circumstances and ordered him to file evidence and argument showing that his appeal was timely filed or that good cause existed for the delay. *Id.*

¶4     On May 9, 2014, the administrative judge, having not received a response to the timeliness order from the appellant, dismissed the appeal as untimely filed. IAF, Tab 6, Initial Decision (ID). The administrative judge explained that the appellant had not shown good cause for filing his appeal approximately 2,763 days late. ID at 2-3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5     On May 14, 2014, the appellant filed a timely petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The appellant argues that the administrative judge erroneously found that he had not responded to the timeliness order. *Id.* at 4. He avers that he submitted his response to the Board via email because he encountered difficulties with the e-Appeal system. *Id.* at 4-7. He further states that it was not clear to him that the "only option" for submitting his response was through e-Appeal. *Id.* at 4.

¶6     Along with his petition for review, the appellant submitted a copy of his response to the timeliness order, which he purportedly tried to file below. PFR File, Tab 1 at 6-8. In that response, the appellant explains that he did not timely appeal the July 14, 2006 decision because: (1) "a lawyer and others" had advised him that OPM erroneously interpreted the divorce decree; (2) a lawyer had advised him that the type of error purportedly committed by OPM could be appealed any time because it was "a prejudicial and unfair act"; and (3) the excess funds purportedly awarded erroneously to his former spouse had been used to support his daughter until December 18, 2011. *Id.*

¶7     To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force,* 4 M.S.P.R. 180, 184 (1980). The Board should consider the length of the delay in every

good cause determination. *Walls v. Merit Systems Protection Board,* 29 F.3d 1578, 1582 (Fed. Cir. 1994).

¶8	First, we discern no error in the administrative judge's finding that the appellant failed to respond to the timeliness order. The appellant's claim of difficulty with the e-Appeal system does not excuse his failure. *See Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶5 (2014). In any event, he could have filed his pleading by any non-electronic means. 5 C.F.R. § 1201.14(f). The appellant's claim that he filed his response by email is also not persuasive. The Board does not accept pleadings filed by electronic mail. 5 C.F.R. § 1201.14(d). Moreover, the e-Appeal generated email containing the order on timeliness explicitly advised that the appellant should not reply to that email account. PFR File, Tab 1 at 5 ("Do not reply to this email account for submitting additional case data. All electronic submissions must be made via the e-Appeal website.")

¶9	Second, even in light of the appellant's response to the timeliness order, the appellant fails to show good cause for his untimely filing. OPM's reconsideration decision properly notified the appellant that he had the right to appeal its decision to the Board within 30 days of the date of the decision or 30 days after his receipt of the decision, whichever was later. IAF, Tab 5, Subtab 2 at 4. Rather than diligently pursuing his appeal rights, the appellant alleges that he waited nearly 7½ years based on advice from "a lawyer and others" and because he was satisfied with his wife's use of the contested funds. PFR File, Tab 1 at 6-7. Even if true, these explanations do not establish good cause for such a lengthy filing delay. *See Wright v. U.S. Postal Service*, 93 M.S.P.R. 444, ¶ 6 (2003) (finding that good cause for untimely filing was not shown where the appellant relied on poor advice from his representative).

¶10	Accordingly, after fully considering the filings in this appeal, we conclude that there is no new, previously unavailable, evidence and that the administrative judge made no error in law or regulation that affects the outcome. 5 C.F.R.

§ 1201.115(d).  Therefore, we DENY the petition for review, and AFFIRM the initial decision of the administrative judge.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for

Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.



FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.